UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GERALD T. PRICE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:06CV1640 FRB |
| | ) |
| CYBERTEL CELLULAR TELEPHONE | ) |
| COMPANY, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Presently pending before the Court is plaintiff's Motion to Remand (filed February 9, 2007/Docket No. 13).  All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

Plaintiff Gerald T. Price brought this declaratory judgment action in the Circuit Court of Jefferson County, Missouri, averring that on September 21, 1993, he entered into a Lease with defendant Cybertel Cellular Telephone Company (Cybertel) whereby certain premises were leased to Cybertel who thereafter constructed a wireless telephone tower and appurtenances on the leased premises and began wireless telephone service.  Plaintiff alleges that on September 1, 2000, Cybertel entered into an Assignment and Assumption Agreement with defendant Crown Castle GT Company, LLC (Crown Castle), whereby Cybertel assigned its interest under the Lease to Crown Castle, and that such assignment has resulted in additional construction as well as multiple users of the premises.

In this action, plaintiff seeks a judgment declaring that the Assignment and Assumption Agreement of September 1, 2000, is not permissible under the Lease and requests that such Agreement be declared void and of no legal force and effect. Plaintiff seeks no monetary damages, but requests an award of reasonable attorney's fees and costs.

Defendants Cybertel and Crown Castle removed the action to this Court on November 10, 2006, invoking this Court's diversity jurisdiction. Defendants aver that complete diversity exists between the parties and that the value of the object of this litigation exceeds $75,000.00. Plaintiff seeks to remand the matter to State court, arguing that this Court lacks subject matter jurisdiction inasmuch as, in this declaratory judgment action, plaintiff does not seek nor have any entitlement to damages in an amount exceeding $75,000.00. Defendants respond that in determining the amount in controversy in this action, the Court must look to the object of the litigation from the defendants' perspective. Defendants argue that because their monetary interest in the Assignment under the Lease exceeds $75,000.00, the jurisdictional threshold has been met. For the following reasons, this Court lacks subject matter jurisdiction over this cause and the matter must be remanded to State court.

It is well settled that on a Motion to Remand, the burden of establishing federal subject matter jurisdiction lies with the

removing party.  In re Bus. Men's Assur. Co. of America, 992 F.2d 181, 183 (8th Cir. 1991).  "The amount in controversy requirement of diversity jurisdiction is strictly construed," Grmac v. Millar Elevator Co./Schindler Enters., 3 F. Supp. 2d 1082, 1083 (E.D. Mo. 1998), with all doubts about federal jurisdiction to be resolved in favor of remand.  Business Men's Assur., 992 F.2d at 183.  Where the Complaint alleges no specific amount of damages or an amount under the jurisdictional minimum, the removing party must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.  In re Minn. Mut. Life Ins. Co. Sales Practices Litig., 346 F.3d 830, 834 (8th Cir. 2003); see also James Neff Kramper Family Farm P'ship v. IBP, Inc., 393 F.3d 828, 831 (8th Cir. 2005) (party invoking federal jurisdiction must prove requisite amount by preponderance of the evidence).  In actions seeking declaratory or injunctive relief, the amount in controversy is measured by the value of the object of the litigation.  Hunt v. Washington State Apple Adver. Comm'n, 432 U.S. 333, 347 (1977); James Neff Kramper Family Farm P'ship, 393 F.3d at 833.

In this case, defendants have presented evidence demonstrating that they will incur losses in an amount exceeding $75,000.00 if plaintiff were to prevail in this action.  In his Motion to Remand, plaintiff concedes such potential losses to the defendants.  The Eighth Circuit, however, follows "the plaintiff's viewpoint" in determining whether the amount in controversy

requirement in a diversity action is met. <u>Smith v. American States Preferred Ins. Co.</u>, 249 F.3d 812, 813-14 (8th Cir. 2001) ("Our own circuit precedent requires the district court to rely solely on the plaintiff's viewpoint in meeting the requisite amount."); <u>Burns v. Massachusetts Mut. Life Ins. Co.</u>, 820 F.2d 246, 248 (8th Cir. 1987) ("The amount in controversy in a suit for injunctive relief is measured by the value to the plaintiff of the right sought to be enforced."); <u>Massachusetts State Pharm. Ass'n v. Federal Prescription Serv., Inc.</u>, 431 F.2d 130, 132 (8th Cir. 1970) ("The amount in controversy is tested by the value of the suit's intended benefit to the plaintiff.").

In this declaratory judgment action, plaintiff avers that he does not seek nor have any entitlement to damages in an amount exceeding $75,000.00, and defendants have failed to demonstrate otherwise. As such, from plaintiff's viewpoint here, the value of the object of the litigation to plaintiff does not exceed $75,000.00. Defendants argue, however, that the Court should measure the value of the object of the litigation from the defendants' perspective, citing <u>Hatridge v. Aetna Cas. & Sur. Co.</u>, 415 F.2d 809 (8th Cir. 1969), for the proposition that such method is "particularly appropriate when the values to the parties are not the same and where the defendant has removed the action." (Defts.' Memo. in Oppos. at p.1, quoting <u>Hatridge</u>, 415 F.2d at 815.) Defendants neglect to note in their memorandum, however, that in

Hatridge the Eighth Circuit merely "recognized the *possibility* of utilizing the defendant's risk as a measure of federal jurisdiction[,]" Hatridge, 415 F.2d at 815 (emphasis added), but nevertheless did not apply the defendant's standpoint test in that action. Id. at 815-16 ("we do not feel free to place particular reliance, in our present decision, upon the cases . . . which utilize the defendant's standpoint approach."). Indeed, in Massachusetts State Pharm. Ass'n, the Eighth Circuit names and follows the "plaintiff's viewpoint rule," noting specifically that while "[t]here is some authority for the proposition that the amount in controversy is valued by the 'thing to be accomplished by the action' as to either the plaintiff or the defendant, whichever is the higher," id., 431 F.2d at 132 n.1 (citing Hedberg v. State Farm Mut. Auto Ins. Co., 350 F.2d 924, 928 (8th Cir. 1965), and Hatridge, 415 F.2d at 814-16), "[i]n neither of these cases did we apply the defendant's standpoint test." Id. The Eighth Circuit then concludes that "we are of the view that the 'plaintiff's viewpoint rule' is the only valid rule." Id.

The Eighth Circuit measures injunctive relief by the value to the plaintiff of the right sought to be enforced. See Burns, 820 F.2d at 248. This Court is, of course, bound to follow Eighth Circuit precedent. Thus, despite the potentially significant cost to the defendants if the requested relief were to be granted to plaintiff, the amount in controversy from the

plaintiff's viewpoint is not sufficient to meet the jurisdictional threshold. Because defendants have failed to prove by a preponderance of the evidence that, from the plaintiff's viewpoint, the amount in controversy exceeds $75,000.00, this Court lacks subject matter jurisdiction over this action, and the matter should be remanded to State court.

To the extent defendants argue that plaintiff's Motion to Remand is untimely filed inasmuch as it was filed after thirty days had elapsed since the matter was removed, the undersigned notes that the basis for plaintiff's Motion to Remand was the Court's lack of subject matter jurisdiction rather than a defect in the removal process. A motion to remand on the basis of subject matter jurisdiction may be brought and ruled upon at any time before final judgment. See 28 U.S.C. § 1447(c).

Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that plaintiff Gerald T. Price's Motion to Remand (Docket No. 13) is granted.

**IT IS FURTHER ORDERED** that this cause shall be remanded to the Circuit Court of Jefferson County, Missouri, for all further proceedings.


UNITED STATES MAGISTRATE JUDGE

Dated this _14th_ day of May, 2007.